Before STATE INDUSTRIAL BOARD, Respondent.

HARRY SOKOL, Respondent, v. STEIN FUR DYEING COMPANY and
Another, Appellants.

Third Department, May 5, 1926.

Workmen's compensation — award for occupational disease under Work-
men's Compensation Law, § 3, subd. 2 — claimant contends that disease
is result of anilin poisoning — claimant's duties required him to handle
furs after same were dyed — claimant was not engaged in process of
dyeing and does not come within meaning of said subdivision.

The claimant who seeks compensation on the ground that he suffers from an
occupational disease within the provisions of subdivision 2 of section 3 of the
Workmen's Compensation Law, in that his disease was caused by anilin poison-
ing, is not entitled to an award, since it appears that his work required him
merely to handle furs after the same had been dyed, and, therefore, he was not
engaged in a process involving the use of anilin.

APPEAL by Stein Fur Dyeing Company and another from an
award of the State Industrial Board, made on the 24th day of July,
1925.

*Alfred W. Andrews* [*Edward P. Lyon* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-
General,* of counsel], for the respondents.

H. T. KELLOGG, J.   The claimant is suffering from a disorder,
known as dermatitis, which disables him in respect to the use of
his hands.   He seeks compensation on the ground that he suffers
from an occupational disease within the provisions of section 3,
subdivision 2, group 8, of the Workmen's Compensation Law.
The first clause of that subdivision reads " compensation shall be
payable for disabilities sustained or death incurred by an employee
resulting from the following occupational diseases."   The clause is
immediately followed by two parallel columns, the first of which
is entitled, " Description of diseases," and the second, " Description
of process."   Under the first heading there appear nineteen different
diseases, and under the second, nineteen different processes.   The
arrangement of the words of the subdivision are such that we
take its meaning to be that an employee, in order to be entitled
to recover, must suffer from a disease named in the first column
and also must have contracted such disease while engaged in a
process, involving the use of an element, the name of which is given
in the second column in a line set opposite to the line containing
the name of the disease.   Thus, the claimant contends that he
suffers from aniline poisoning.   We find under column 1 a form
of disease which is numbered " 8 " and is thus described: " Poisoning

by nitro, hydro- and amido-derivatives of benzene (dinitro-benzol, anilin, and others), or its sequelae." The disease from which the claimant suffers may be the sequela of such a poisoning. In the second column, in the line opposite, is process numbered " 8 " which is described as follows: " Any process involving the use of a nitro-, hydro- or amido-derivative of benzene or its preparations or compounds." We take it that the claimant, to recover, must have been poisoned by anilin while engaged in a process involving the use of anilin. It does not seem to us that the claimant was engaged in such a process. His employer had a department in which the workmen were required to apply aniline dyes to raw furs. The claimant did not work in that department. His work was to handle and brush dry furs after the process of dyeing was complete. He handled furs which had been dyed but did not handle or apply the dyes. A process is defined in Webster's International Dictionary as follows: " A series of actions, motions, or occurrences; progressive act or transaction; continuous operation; normal or actual course or procedure; regular proceeding; as, the *process* of vegetation or decomposition; a chemical· *process; processes* of nature." We think that " any process involving the use " of anilin is descriptive of a chemical process, and in the fur dyeing trade involves the application of the chemical to the furs. The claimant, not having been engaged in making application of the dyes, was not, we think, within the coverage of the subdivision, and was not suffering from an occupational disease.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.